**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PES HOLDINGS, LLC, et al., | : | Case No. 19-11626 (LSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| _____ | : | |
| | : | |
| ACE AMERICAN INSURANCE | : | |
| COMPANY, et al., | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 20-441-RGA |
| | : | |
| PES HOLDINGS, LLC, et al, | : | |
| | : | |
| Appellees. | : | |

**RECOMMENDATION**

At Wilmington this **4th** day of **May, 2020**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

This matter is one a few appeals addressing In re Pes Holdings.  In February

2020, the Bankruptcy Court confirmed a plan which included the sale of the Debtors'

facilities and the continued pursuit of insurance proceeds under the Debtors' insurance

policies covering both property damage and business interruption.  The Appellants in

the present matter are insurers that issued first-party coverage to certain of the Debtors.

Only the Insurers and the Debtors are parties to this appeal.  Although the caption lists

the Official Committee of Uninsured Creditors as an Appellee, the Committee has

indicated that it does not intend to participate in this appeal, and the parties intended to

submit a stipulation amending the caption to eliminate the Committee as a party to this

appeal.

The Debtors' plan of reorganization contains a provisions which the Insurers

characterize as in injunction continuing the Bankruptcy Code's automatic stay that

operates to bar them from asserting any claims regarding the applicable insurance

policies against the Debtors.  The Bankruptcy Court confirmed the Plan per an order

dated February 13, 2020, which the Insurers argue extends the automatic stay past the

effective date of the Plan and is prohibited by the Bankruptcy Code.  Prior to the entry

of this order on appeal, the Debtors initiated a separate adversary proceedings against

the Insurers for coverage seeking a declaratory judgment and monetary damages.  The

Insurers answered and raised affirmative defenses in the Adversary Proceeding.

Neither party believes mandatory mediation would be productive nor worth the

expense at the present time, nor could the issues involved in mediation in this matter,

20-441 RGA, be adequately addressed on a stand-along basis, outside of substantive

disputes at issue in other related matters for which a previous Recommendation to

remove from mandatory mediation has been issued.

2

As noted above, a separate appeal, 20-364, is pending in this Court, to which the Insurers are not a party, from an order of the Bankruptcy Court (an Adversary Proceeding) regarding the priority of certain creditors and the Debtors' estate to the proceeds of the insurance policies, which was previously addressed in a Recommendation to remove this matter from mandatory mediation.

The parties propose the following briefing schedule: Appellants' principal brief due on April 29, 2020[1]; Appellees' answering brief due 45 days after service of Appellants' brief; and Appellants' Reply brief due 21 days after service of Appellees' brief.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  Since this Recommendation is consistent with the parties' request, no objections to this Recommendation are anticipated under 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge

---

[1] It is noted that a corrected entry was docketed on April 30, 2020, removing the brief filed at D.I 6 on 4/29/20 because it was premature since a Recommendation withdrawing this case from the referral for mandatory mediation had not yet been docketed, nor had the Court issued a briefing schedule for this appeal.